UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

THE INSURANCE COMPANY OF THE )
STATE OF PENNSYLVANIA, )
) 2:11-CV-02033-PMP-RJJ
Plaintiff, )
)
v. )
) ORDER
NATIONAL FIRE & MARINE )
INSURANCE COMPANY, et al., )
)
Defendants. )

Before the Court is Plaintiff The Insurance Company of the State of Pennsylvania's ("Insurance Company") Motion for Partial Summary Judgment (Doc. #24), filed on February 9, 2012. In response, Defendant National Fire and Marine Insurance Company ("National Fire") filed a Motion for a Rule 56(d) Continuance (Doc. #38) on February 28, 2012. The Insurance Company filed a Reply in Support of its Motion for Partial Summary Judgment (Doc. #43) on March 9, 2012, in which it also responded to National Fire's Motion for Continuance.[1] National Fire did not file a reply in support of its Motion for Continuance.

**I. BACKGROUND**

This case stems from an underlying Nevada state court construction defect lawsuit (the "underlying case"). In the underlying case, Riverwalk Tower Unit-Owners

---

[1] On March 30, 2012, Defendant Riverwalk Tower Unit-Owners Association also filed a Response (Doc. #52) to the Insurance Company's Motion for Partial Summary Judgment. The Insurance Company filed a Reply (Doc. #54) on April 17, 2012. On August 17, 2012, the case was dismissed as to Riverwalk Association. (Order (Doc. #65).) The Court therefore will not consider Riverwalk Association's Response or the Insurance Company's Reply.

Association ("Riverwalk Association") sued builder Riverwalk Development, LLC ("Riverwalk Development") and various other defendants for damages arising from a condominium conversion construction project at Riverwalk Tower, a mixed-use residential and commercial development (the "Project").  (Compl. for Declaratory J. (Doc. #1) ["Compl."], ¶¶ 3-6, 13-15.)  Riverwalk Association alleges it suffered damages due to construction defects in the condominium units and the common areas caused by various alleged plumbing, mechanical, electrical, structural, and other defects.  (Pl.'s Mot. Summ. J. & Mem. of Law in Supp. (Doc. #24) ["Pl.'s MSJ"], Ex. 3, ¶ 17.)

Plaintiff and the remaining active Defendant[2] in the case before this Court are insurance companies that issued liability insurance policies to Riverwalk Development in connection with the Project.  Specifically, Defendant National Fire issued a commercial general liability insurance policy (the "Primary Policy") to Riverwalk Development.  (Pl.'s MSJ, Ex. 1.)  Plaintiff Insurance Company issued an excess liability policy (the "Excess Policy") to Riverwalk Development.  (Pl.'s MSJ, Ex. 2.)

The Primary Policy provides coverage for property damage caused by an "occurrence," which "means an accident, including continuous or repeated exposure to substantially the same general harmful conditions."  (Pl.'s MSJ, Ex. 1, Commercial General Liability Coverage Form at 1, 14.)  The Primary Policy has limits of $1,000,000.00 per occurrence and $2,000,000.00 general aggregate.  (Pl.'s MSJ, Ex. 1 at Declarations.)  The Excess Policy provides coverage "only after the issuers of the [Primary Policy] have paid or have been held liable to pay the full amount of the said underlying limit."  (Pl.'s MSJ, Ex. 2 at 2.)  The Excess Policy has limits of $4,000,000.00 per occurrence or annual aggregate.  (Pl.'s MSJ, Ex. 2 at Declarations.)

---

[2] Defendant Supreme Plumbing, Inc. has not made an appearance in this case.  Besides National Fire, it is the only other remaining Defendant in this case.

On December 19, 2011, the Insurance Company filed this declaratory judgment action seeking various declarations regarding its obligation to provide insurance coverage pursuant to the Excess Policy in the underlying case. (Compl. at 1.) The Insurance Company now moves for partial summary judgment, arguing it is entitled to the following declarations as a matter of law: (1) that the damages alleged in the underlying case involve multiple occurrences, thereby triggering the Primary Policy's $2,000,000.00 general aggregate limit (Count Two); and (2) that the Insurance Company has no obligation to contribute to any settlement with Riverwalk Association or to indemnify Riverwalk Development until National Fire has exhausted the Primary Policy's $2,000,000.00 general aggregate limit (Count One).[3] In response, National Fire moves for a Federal Rule of Civil Procedure 56(d) continuance.

**II.  MOTION FOR CONTINUANCE (Doc. #38)**

National Fire argues the Court should defer ruling on the Insurance Company's Motion for Partial Summary Judgment until a judgment is entered in the underlying case and the parties have had an opportunity to conduct discovery regarding the judgment. Specifically, National Fire argues it will need written discovery on the components of property damage for which an award was made, the theory of liability for the award, the liability findings, and the judgment amount. National Fire further argues the Insurance Company's Motion for Partial Summary Judgment is premature because it was filed before National Fire's deadline to answer or otherwise respond to the Insurance Company's Complaint.

The Insurance Company responds that National Fire does not need written discovery regarding the forthcoming judgment because the facts National Fire seeks will be

---

[3] The Insurance Company does not specify the counts on which it is seeking summary judgment, however, they appear to track Counts One and Two of the Complaint for Declaratory Judgment.

3

1 evident from the judgment itself.  The Insurance Company further argues the question of
2 whether there are multiple occurrences is a purely legal question for which discovery is not
3 required.  With respect to the timing of its motion, the Insurance Company argues the
4 motion is not premature because it turns on legal issues, not facts, and because the Federal
5 Rules allow early motions for summary judgment.  The Insurance Company argues
6 National Fire is not prejudiced by its early motion for partial summary judgment because
7 National Fire is defending Riverwalk Development in the underlying case and therefore has
8 access to expert reports and documents evidencing whether there are multiple occurrences.
9 Finally, the Insurance Company provides a copy of the jury verdict that was entered in the
10 underlying case on March 5, 2012—after National Fire filed its Motion for Continuance.
11 (Pl.'s Reply in Supp. of its Mot. for Partial Summ. J. (Doc. #43), Ex. A.)  A final judgment
12 has not yet been entered in the underlying case.

13         Under Federal Rule of Civil Procedure 56(d) if, in response to a summary
14 judgment motion, "a nonmovant shows by affidavit or declaration that, for specified
15 reasons, it cannot present facts essential to justify its opposition," the Court may defer
16 consideration of the motion, deny the motion, allow the parties time to complete additional
17 discovery, or grant other appropriate relief.  The party requesting additional time to conduct
18 discovery to oppose summary judgment "must show: (1) it has set forth in affidavit form the
19 specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the
20 sought-after facts are essential to oppose summary judgment."  Family Home & Fin. Ctr.,
21 Inc. v. Fed. Home Loan Mortg. Corp., 525 F.3d 822, 827 (9th Cir. 2008).  If the nonmovant
22 does not satisfy these requirements, the Court may rule on summary judgment without
23 granting additional discovery.  Id.  Courts should grant Rule 56(d) motions "fairly freely"
24 when a party has not "had any realistic opportunity to pursue discovery relating to its theory
25 of the case," however, a court need not grant a Rule 56(d) continuance if discovery would
26 be futile.  Burlington N. Santa Fe R.R. Co. v. The Assiniboine & Sioux Tribes of the Fort

4

Peck Reservation, 323 F.3d 767, 773-74 (9th Cir. 2003).  It is within the Court's discretion whether to grant a Rule 56(d) motion.  Morton v. Hall, 599 F.3d 942, 945 (9th Cir. 2010).

Although National Fire's Rule 56(d) declaration identifies specific facts regarding the forthcoming judgment it hopes to elicit through written discovery, it does not explain why discovery is needed to obtain these facts given that they presumably will appear on the face of the judgment.  Further, the declaration does not explain why those facts would preclude summary judgment on the narrow issues of whether the damages alleged in the underlying lawsuit constitute multiple occurrences or whether the Insurance Company is obligated to indemnify Riverwalk Development in the underlying case before National Fire has exhausted the Primary Policy's $2,000,000.00 general aggregate limit.  Although courts should grant Rule 56(d) motions fairly freely, especially this early in the litigation, here, National Fire has not met its burden under Rule 56(d).  The Court therefore will deny National Fire's motion to defer ruling on the Insurance Company's motion pending further discovery.

As for National Fire's argument that the Insurance Company's motion was filed too early, Rule 56(b) permits a party to move for summary judgment at any time until thirty days after the close of discovery.  Here, the Insurance Company brought its Motion for Partial Summary Judgment on February 9, 2012, well before the October 29, 2012, deadline for the close of discovery.  (Pl.'s MSJ at 1; Scheduling Order (Doc. #57) at 1.)  The Insurance Company's early filing of its motion therefore was permissible.

**III.  MOTION FOR PARTIAL SUMMARY JUDGMENT (Doc. #24)**

The Insurance Company moves for partial summary judgment, arguing it is entitled to a declaration that the underlying case involves multiple occurrences as a matter of law because Riverwalk Association alleges damages resulting from multiple autonomous causes.  In support of its argument, the Insurance Company attaches expert reports drafted by, among others, an architectural consultant, an electrical consultant, and a plumbing

consultant from the underlying case.  The Insurance Company argues these expert reports identify various independent defects in the structural components and electrical and plumbing systems, all of which caused separate damages.  The Insurance Company further argues that because there are multiple occurrences, it is entitled to a declaration that the Primary Policy's $2,000,000.00 aggregate limit must be exhausted before the Excess Policy is triggered.

National Fire did not file a response to the Insurance Company's motion.  However, in its Motion for a Rule 56(d) Continuance, National Fire responds to some of the arguments raised in the Insurance Company's motion.  Specifically, National Fire argues the Insurance Company seeks an inappropriate advisory opinion because there is not yet a judgment in the underlying case that would allow the Court to determine National Fire's indemnity obligation under the Primary Policy or to determine whether the Excess Policy is triggered.  Further, although National Fire does not directly respond to the Insurance Company's argument that the underlying case involves multiple occurrences as a matter of law, it argues that until judgment is entered in the underlying case, the Court lacks the necessary information to make a causation analysis to determine the number of occurrences.

The Insurance Company replies that it is not seeking an advisory opinion because courts routinely make declarations regarding insurance coverage before an underlying liability case is resolved.  The Insurance Company clarifies it is not seeking a declaration of National Fire's indemnity obligations, which the Insurance Company concedes cannot be made until a judgment is entered in the underlying case.  Rather, the Insurance Company states it seeks a declaration that the underlying case involves multiple occurrences, and thus the Primary Policy's $2,000,000.00 aggregate limit applies.  Finally, the Insurance Company argues the jury verdict finds numerous causes for Riverwalk Association's damages because it assesses damages for work performed by different trades, including the plumbing, mechanical, electrical, and carpentry subcontractors.

### A. Legal Standard

Summary judgment is appropriate if the pleadings, the discovery and disclosure materials on file, and any affidavits "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is "material" if it might affect the outcome of a suit, as determined by the governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue is "genuine" if sufficient evidence exists such that a reasonable fact finder could find for the non-moving party. Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002). Initially, the moving party bears the burden of proving there is no genuine issue of material fact. Leisek v. Brightwood Corp., 278 F.3d 895, 898 (9th Cir. 2002). After the moving party meets its burden, the burden shifts to the non-moving party to produce evidence that a genuine issue of material fact remains for trial. Id. The Court views all evidence in the light most favorable to the non-moving party. Id.

### B. Number of Occurrences (Count Two)

Nevada, like the majority of jurisdictions, employs the "cause" test to determine what constitutes an occurrence within the meaning of a "per occurrence" clause in an insurance policy. Bish v. Guar. Nat'l Ins. Co., 848 P.2d 1057, 1058 (Nev. 1993); Ins. Corp. of Am. v. Rubin, 818 P.2d 389, 391 (Nev. 1991).[4] Under the cause test, the number of occurrences is determined by referring to the cause or the causes of the damage, rather than to the number of individual injuries or claims. Id. Thus, "[a]s long as the injuries stem

---

[4] The Insurance Company argues either Nevada or California law governs the interpretation of the insurance policies in this case, and it contends that as between the two, Nevada law should apply as there is no relevant conflict between the two states' laws. (Pl.'s MSJ at 8-9.) National Fire does not dispute that Nevada law applies. Given that Nevada is the location of the insured risk, the alleged damage, and the underlying case, that the Primary Policy states it is issued pursuant to Nevada insurance law, and that Riverwalk Development, the insured, is a Nevada limited liability company, Nevada has a more substantial relationship to the case than California. See Consol. Generator-Nevada, Inc. v. Cummins Engine Co., 971 P.2d 1251, 1253 (Nev. 1998). Accordingly, Nevada law will control.

from one proximate cause there is a single occurrence." <u>Bish</u>, 848 P.2d at 1058 (quotation omitted). Conversely, "[w]here each injury results from an independent cause, there are a series of occurrences." <u>Rubin</u>, 818 P.2d at 391-92 (quotation omitted).

Here, no issue of fact remains that the damages alleged in the underlying case involve multiple occurrences. The expert reports from the underlying case attached to the Insurance Company's Motion for Partial Summary Judgment are the only evidence before the Court on the "occurrence" issue. These expert reports identify various independent defects in the structural components and electrical and plumbing systems, all of which independently caused damages. For instance, the architectural consultant identifies various defects in the roof of the Project leading to "[w]ater intrusion resulting in damages to the substrates and building interiors." (Pl.'s MSJ, Ex. 4, Attach. 2 at RWT0005596.) The electrical consultant identifies various faulty electrical installations and code violations, such as exposed wires, all of which resulted in safety hazards. (Pl.'s MSJ, Ex. 4, Attach. 3 at RWT0005609-10, RWT0005612-13.) The plumbing consultant identifies various defects including faulty installation of toilets, bathtubs, and showers; improper washing machine, dishwasher, and refrigerator hook-ups; and defects in the common area swimming pool's draining pipe. (Pl.'s MSJ, Ex. 5 at RWT00069494-99.)

Nowhere in the expert reports is there a determination that all of these particular damages emanated from one common cause. Rather, the expert reports attribute the damages to various independent causes in distinct mechanical, electrical, and plumbing systems. National Fire does not submit any evidence that would raise an issue of fact as to whether there are multiple occurrences. As such, no issue of fact remains as to whether the damages alleged in the underlying case constitute multiple occurrences under the Primary Policy.

In Count Two of its Complaint, the Insurance Company sought a declaration that "each" category of damages alleged by Riverwalk Association was a separate occurrence

under the Primary Policy. (Compl., ¶ 32.) In its Motion for Partial Summary Judgment, the Insurance Company seeks only a declaration that multiple occurrences caused Riverwalk Association's damages. The Court expresses no opinion on whether "each" category of damages asserted by the Riverwalk Association is a separate occurrence. However, as discussed in the next section, this distinction is irrelevant given that only more than one occurrence is necessary to trigger the $2,000,000.00 aggregate limit of the Primary Policy. Accordingly, the Court will grant summary judgment on Count Two of the Insurance Company's Complaint to the extent the Insurance Company seeks a declaration that there are multiple occurrences alleged in the underlying case.

In Count Two of its Complaint, the Insurance Company "further seeks a declaration as to [National Fire's] obligations for [Nevada Revised Statutes §] 40.655 costs and fees." (Compl., ¶ 34.) Because the Insurance Company did not request summary judgment as to this declaration, the Court expresses no opinion as to National Fire's obligations, if any, under Nevada Revised Statues § 40.655.

### C. Excess Coverage (Count One)

The interpretation of an insurance policy is a question of law that may be determined on a motion for summary judgment. Trishan Air, Inc. v. Fed. Ins. Co., 635 F.3d 422, 426 (9th Cir. 2011); Farmers Ins. Exch. v. Neal, 64 P.3d 472, 473 (Nev. 2003). Here, the Insurance Company contends that because there are multiple occurrences, it is entitled to a declaration that the Primary Policy's $2,000,000.00 aggregate limit must be exhausted before the Excess Policy is triggered. The Primary Policy has limits of $1,000,000.00 per occurrence and $2,000,000.00 general aggregate. (Pl.'s MSJ, Ex. 1 at Declarations.) As discussed above, there is more than one occurrence for the purposes of the Primary Policy's "per occurrence" limit, each with a policy limit of $1,000,000.00. Therefore, under the Primary Policy's terms, the aggregate limit of $2,000,000.00 applies. The Excess Policy is triggered "only after the issuers of the [Primary Policy] have paid or have been held liable

to pay the full amount of the said underlying limit." (Pl.'s MSJ, Ex. 2 at 2.)

It is undisputed that judgment has not yet been entered in the underlying case and that National Fire has not been held liable to pay the full amount of the underlying limit of $2,000,000.00. Until National Fire exhausts the Primary Policy's $2,000,000.00 aggregate limit, the Insurance Company has no obligation to afford additional insurance to Riverwalk Development under the Excess Policy. Accordingly, the Court will grant summary judgment as to Count One of the Insurance Company's Complaint for Declaratory Judgment.

**IV. CONCLUSION**

IT IS THEREFORE ORDERED that Defendant National Fire & Marine Insurance Company's Rule 56(d) Motion to Plaintiff's Motion for Partial Summary Judgment; Memorandum of Points and Authorities in Support Thereof (Doc. #38) is hereby DENIED.

IT IS FURTHER ORDERED that Plaintiff The Insurance Company of the State of Pennsylvania's Motion for Partial Summary Judgment and Memorandum of Law in Support (Doc. #24) is hereby GRANTED. The Motion is granted as to Count One of Plaintiff The Insurance Company of the State of Pennsylvania's Complaint for Declaratory Judgment. The Motion is granted as to Count Two of Plaintiff The Insurance Company of the State of Pennsylvania's Complaint for Declaratory Judgment to the extent Count Two seeks a declaration that there are multiple occurrences alleged in the underlying case.

///
///
///
///
///
///

IT IS FURTHER ORDERED that the Clerk of Court shall forthwith enter Judgment in favor of Plaintiff The Insurance Company of the State of Pennsylvania and against Defendant National Fire & Marine Insurance Company on Count One of the Complaint for Declaratory Judgment. The Clerk of Court further shall enter Judgment in favor of Plaintiff The Insurance Company of the State of Pennsylvania and against Defendant National Fire & Marine Insurance Company on Count Two of the Complaint for Declaratory Judgment only to the extent Count Two seeks a declaration that there are multiple occurrences alleged in the underlying case.

DATED: September 26, 2012

_____
PHILIP M. PRO
United States District Judge