UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA,<br><br>                    Plaintiff,<br><br>  v.<br><br>NATIONAL FIRE & MARINE INSURANCE COMPANY, et al.,<br><br>                    Defendants. | 2:11-CV-02033-PMP-NJK<br><br><u>ORDER</u> |

        Presently before the Court is Defendant National Fire and Marine Insurance Company's ("National Fire") Motion for Reconsideration (Doc. #71), supported by the Declaration of Stephen Castronova (Doc. #72), filed on October 24, 2012. Plaintiff The Insurance Company of the State of Pennsylvania ("Insurance Company") filed a Response (Doc. #77) on November 9, 2012. National Fire filed a Reply (Doc. #78) on November 19, 2012.

        The parties are familiar with the facts of this case, and the Court will not repeat them here except where necessary. National Fire moves for reconsideration of the Court's Order dated September 26, 2012 (Doc. #69) denying National Fire's Motion for a Rule 56(d) Continuance and granting the Insurance Company's Motion for Partial Summary Judgment. National Fire also moves for reconsideration of the Court's Order dated September 18, 2012 (Doc. #68) granting the Insurance Company's Motion for Voluntary Dismissal of Count Three Without Prejudice. The Insurance Company responds that National Fire has failed to establish that reconsideration of either Order is appropriate.

**I. DISCUSSION**

    **A. Standard for Reconsideration**

National Fire argues it is entitled to reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b). The Insurance Company responds that Rules 59(e) and 60(b) apply only to final judgments and that those Rules are inapplicable in this case as the Court has not yet entered final judgment. Specifically, the Insurance Company argues the Judgment (Doc. #70) is not final because it resolves count two only to the extent that the Insurance Company seeks a declaration that there are multiple occurrences alleged in the underlying case. The Insurance Company argues that its declaratory relief claim regarding National Fire's obligations under Nevada Revised Statutes § 40.655, which also is included in count two, remains outstanding. The Insurance Company further argues that the Court did not certify the Judgment as final under Federal Rule of Civil Procedure 54(b). The Insurance Company therefore argues that the Orders at issue are interlocutory orders and that the applicable standard is the Court's inherent power to reconsider an interlocutory order so long as the Court has jurisdiction. In its Reply, National Fire maintains that the Judgment is a final judgment, but it concedes that the Court possesses the inherent power to reconsider interlocutory orders, and therefore states that the Court has the power to reconsider the Orders regardless of which standard applies.

Given that the Orders do not dispose of all of the Insurance Company's claims and that the Court did not certify the Judgment as final under Rule 54(b), neither the Orders nor the Judgment are final. The Court therefore will apply the standard for reconsideration of interlocutory orders.[1]

///

///

---

[1] Given that the Orders and Judgment are not final, the Court need not address National Fire's argument that the Court erred in entering final judgment.

The Court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient" so long as the Court has jurisdiction.  City of L.A., Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 885 (9th Cir. 2001) (emphasis and quotation omitted).  Generally, reconsideration of an interlocutory order is appropriate "if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law."  S.E.C. v. Platforms Wireless Int'l Corp., 617 F.3d 1072, 1100 (9th Cir. 2010) (quotation omitted); see also Antonetti v. Skolnik, No. 3:10-cv-00158-LRH-WCG, 2013 WL 593407, at *1 (D. Nev. Feb. 13, 2013) (stating that this Court applies the Rule 59(e) standard to motions for reconsideration of interlocutory orders).  "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled."  In re AgriBioTech, Inc., 319 B.R. 207, 209 (D. Nev. 2004).

### B. Order on Rule 56(d) Motion and Motion for Partial Summary Judgment (Doc. #69)

National Fire moves for reconsideration of the Court's Order denying its Rule 56(d) Motion and granting the Insurance Company's Motion for Partial Summary Judgment.  National Fire argues Court should have focused on National Fire's argument that the Motion for Partial Summary Judgment was premature because it sought a ruling regarding indemnity before the underlying case was complete.  Although National Fire's argument on reconsideration largely revolves around its contention that it is improper to make a declaration regarding indemnity before final judgment is entered in the underlying case, the Court understands National Fire to be arguing that it is improper to determine whether there are multiple occurrences before there is a final judgment setting forth the damages for which Riverwalk is liable.  On this point, National Fire largely reiterates the same arguments this Court already rejected, including its argument that the cause of the

damages in the underlying case still may be deemed to be a single occurrence. National Fire also repeats its argument that under <u>Burlington Northern Santa Fe Railroad Company v. The Assiniboine and Sioux Tribes of the Fort Peck Reservation</u>, 323 F.3d 767 (9th Cir. 2003), the Court must grant its Rule 56(d) Motion because it has not had the opportunity to conduct discovery.

National Fire further argues it was deprived of its due process right to be heard because the Court did not provide it with an opportunity to respond to the Motion for Partial Summary Judgment after the Court denied its Rule 56(d) Motion. National Fire contends the Order and the Judgment (Doc. #70) on the claims adjudicated in the Motion for Partial Summary Judgment therefore are void. Finally, National Fire contends the Court should reconsider its Order granting partial summary judgment because it relied on evidence that was not properly before the Court. According to National Fire, the Court should not have relied on the expert reports attached to the Motion for Partial Summary Judgment because none of the expert reports were admitted at trial in the underlying case. National Fire also contends the Court should not have relied on the unauthenticated copies of the insurance policies and that the Court did not properly evaluate the scope of indemnity coverage afforded by the insurance policies.

The Insurance Company responds that National Fire had the opportunity to be heard on any issues it felt proper to raise in the prior briefing, including the multiple occurrence issue and the evidentiary objections, but that National Fire rested its fate entirely on its Rule 56(d) Motion and did not file a response. The Insurance Company argues National Fire's 56(d) Motion was a delay tactic and although National Fire represented to the Court that it needed discovery, it did not serve any discovery requests or set a deposition before the discovery cut-off date. According to the Insurance Company, the discovery National Fire wants to take regarding the forthcoming final judgment is unnecessary because the jury verdict in the underlying case identifies the theories of liability against

4

Riverwalk and itemizes the damages resulting from Riverwalk's conduct. The Insurance Company argues it is unclear how discovery regarding the final judgment would reveal that there was a single cause for these damages, particularly because the Court's determination that there are multiple occurrences is consistent with the jury verdict, which established that multiple independent actions caused damages. The Insurance Company further argues that although the final judgment in the underlying case may modify the jury verdict with respect to the amount of damages, it will not modify the jury verdict with respect to the number of causes of the damages.

Regarding the evidentiary objections, the Insurance Company responds that National Fire waived these arguments by not raising them in the prior briefing. The Insurance Company further argues that National Fire does not argue the insurance policies were incomplete or inaccurate or that the substance of the expert reports materially differed from the experts' testimony at trial in the underlying case. Finally, the Insurance Company argues the interpretation of an insurance policy is a question of law that may be determined on a motion for summary judgment and that the Court correctly interpreted the policies.

In its Reply, National Fire states that the jury verdict "is currently subject to several post-trial motions, which when decided will materially alter the amount and composition of the final verdict." (Reply Br. in Further Supp. of Nat'l Fire & Marine Ins. Co.'s Mot. to Alter/Amend J. Under Fed. R. Civ. P. 59 &/or for Relief Under Fed. R. Civ. P. 60 (Doc. #78) at 3.) It further states that the final judgment in the underlying case will be appealed, which "will ultimately impact the nature and extent of Riverwalk's liability." (Id.) National Fire also responds that it did not engage in discovery because doing so would have been futile because there is not a final judgment in the underlying case.

Regarding its Rule 56(d) Motion, National Fires does not identify any newly discovered evidence or change in the law which would explain why the Court should have permitted discovery regarding the final judgment in the underlying case before ruling on the

Motion for Partial Summary Judgment. Also, the Court's Order denying National Fire's Rule 56(d) Motion was not clearly erroneous or manifestly unjust. National Fire argues that Burlington requires the Court to grant a Rule 56(d) motion when the non-moving party has not had an opportunity to conduct discovery. Although Burlington provides that courts should grant Rule 56(d) motions "fairly freely" when a party has not had a realistic opportunity to conduct discovery relating to its theory of the case, it states that courts need not grant a Rule 56(d) continuance if discovery would be futile. 323 F.3d at 773-74. National Fire does not explain how the facts regarding the final judgment that it seeks to elicit through discovery—the components of property damage for which an award was made, the theory of liability for the award, the liability findings, and judgment amount—will affect the underlying jury verdict as the jurors were not deciding the causes of the categories of damages awarded. Although National Fire states it seeks to propound written discovery regarding the judgment, post-trial briefs, and trial transcripts, it does not state to whom it would direct the discovery or who would be able provide facts beyond those already contained in those documents. The Court therefore declines to reconsider its Order denying National Fire's Rule 56(d) Motion.

As to the Motion for Partial Summary Judgment, the Insurance Company presented evidence in the form of expert reports which identified various independent defects in the structural components and electrical and plumbing systems at Riverwalk Tower. Nowhere in the expert reports is there a determination that all of the damages listed in the reports emanated from one common cause. Rather, the expert reports attribute the damages to various independent causes in distinct mechanical, electrical, and plumbing systems. This was, and still is, the only evidence before the Court on the multiple occurrence issue.

National Fire failed to file a response to the Insurance Company's Motion for Partial Summary Judgment and failed to provide the Court with any evidence indicating that

there were not multiple occurrences or that the damages identified in the expert reports were not covered property damage.  Once the Insurance Company met its burden of proving there is no genuine issue of material fact, National Fire was required to come forward with evidence that a genuine issue of material fact remains for trial.  See Leisek v. Brightwood Corp., 278 F.3d 895, 898 (9th Cir. 2002).  Although National Fire addressed some of the arguments raised in the Motion for Partial Summary Judgment in its Rule 56(d) Motion, it did not provide any evidence in support of its arguments or rebutting the expert reports. National Fire submitted only an affidavit explaining it needs written discovery on the final judgment.  To date, National Fire has not submitted a proposed response to the Motion for Partial Summary Judgment or evidence indicating that there were not multiple occurrences or that the damages identified in the expert reports were not covered property damage.  On reconsideration, National Fire again failed to attach any evidence indicating that there were not multiple occurrences or that the damages were not covered property damage.  National Fire would not need to propound discovery to obtain this evidence, as it tendered Riverwalk's defense in the underlying case and therefore would have access to any evidence showing a single occurrence caused the damages.  Given that National Fire still has not presented any evidence whatsoever rebutting the expert reports, the Court declines to reconsider its Order granting partial summary judgment.

Although National Fire argues there are pending post-trial motions in the underlying case that "materially will alter the amount and composition of the final verdict," National Fire does not discuss the subject or content of the post-trial motions, provide copies of the post-trial motions to the Court, or explain how the post-trial motions will impact the jury verdict.  Based on National Fire's representations about the post-trial motions, the Court cannot determine whether the post-trial motions are germane to the issues in this case, let alone whether they will show that there were not multiple occurrences or that the damages identified in the expert reports were not covered property damage.  Nor

7

does National Fire explain how a future appeal in the underlying case will change the outcome with respect to these issues. The Court declines to reconsider its Order granting partial summary judgment based on speculation and argument of counsel about what might happen in the post-trial motions or on appeal.

The Court also declines to reconsider its Order granting partial summary judgment based on National Fire's due process arguments and evidentiary objections. As discussed above, National Fire had the opportunity to respond to the Motion for Partial Summary Judgment on the merits and failed to do so. That National Fire made the strategic decision to rely solely on its Rule 56(d) Motion rather than filing a response to the Motion for Partial Summary Judgment does not mean it was deprived of due process. The Court therefore declines to reconsider its Order granting partial summary judgment on this basis.

Additionally, National Fire could have raised the evidentiary arguments it now asserts in the prior briefing, but it did not do so. National Fire does not identify any newly discovered evidence or change in the law which would explain why these evidentiary arguments could not have been presented in its prior briefing. Further, the Court's Order was not clearly erroneous or manifestly unjust. National Fire could and should have filed a response to the Motion for Partial Summary Judgment raising its evidentiary objections, which would not have required any discovery. Though it would not be the preferable course of action, National Fire also could have raised the evidentiary objections in its Rule 56(d) Motion. Given that National Fire did not raise its evidentiary arguments during the summary judgment briefing, the Court declines to reconsider its Order granting partial summary judgment on this basis. See Christie v. Iopa, 176 F.3d 1231, 1239 n.5 (9th Cir. 1999) (stating that courts "do not consider evidence or arguments presented for the first time in a motion for reconsideration").

///

///

8

### C. Order on Motion for Voluntary Dismissal of Count Three (Doc. #68)

National Fire moves for reconsideration of the Court's Order granting the Insurance Company's Motion for Voluntary Dismissal of Count Three, arguing it did not have an opportunity to respond on the merits because the Court granted the Motion the day it was filed. National Fire contends that if it had an opportunity to respond, it would have argued that the determination of the nature and extent of covered "property damage" is a necessary precondition to determining the number of occurrences and therefore it was not proper for the Insurance Company to voluntarily dismiss the claim. The Insurance Company responds that there is not a case or controversy between it and National Fire with respect to count three because count three does not seek any declarations regarding National Fire. The Insurance Company further argues that because the dismissal was without prejudice, it had no impact on National Fire's ability to seek relief on the same issue by filing a crossclaim against Riverwalk, which National Fire did not do.

In granting the Insurance Company's Motion for Voluntary Dismissal of Count Three, the Court accepted the Insurance Company's representation that there was no controversy between the insurers with respect to count three. Given that National Fire now indicates that there is a controversy between the Insurance Company and National Fire and that National Fire did not have an opportunity to respond to the Motion for Voluntary Dismissal, the Court vacates its Order dated September 18, 2012 (Doc. #68). National Fire shall have until July 12, 2013 to respond to the Motion for Voluntary Dismissal.

### II. CONCLUSION

IT IS ORDERED that Defendant National Fire and Marine Insurance Company's Motion to Alter/Amend the Judgment Under Fed. R. Civ. P. 59 and/or for Relief Under Fed. R. Civ. P. 60 (Doc. #71) is hereby GRANTED in part and DENIED in part. The Motion is granted in that the Court vacates its Order dated September 18, 2012 (Doc. #68). The Motion is denied in all other respects.

IT IS FURTHER ORDERED that Defendant National Fire and Marine Insurance Company shall have until July 12, 2013 to file a response to Plaintiff's Motion for Voluntary Dismissal of Count III Without Prejudice (Doc. #67).

DATED: June 15, 2013

_____
PHILIP M. PRO
United States District Judge